Wilmington Sav. Fund Socy., FSB v Moriarty-Gentile (2025 NY Slip Op 05844)

Wilmington Sav. Fund Socy., FSB v Moriarty-Gentile

2025 NY Slip Op 05844

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-10249
 (Index No. 601868/15)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Cathy Moriarty-Gentile, et al., appellants, et al., defendants. Justin F. Pane, P.C., Bohemia, NY, for appellants.

Kosterich & Skeete, LLC, White Plains, NY (Denise Singh-Skeete of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Cathy Moriarty-Gentile and Joseph Gentile appeal from an amended judgment of foreclosure and sale of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), entered September 5, 2023. The amended judgment of foreclosure and sale, upon a decision of the same court dated August 23, 2023, made after an inquest on the issue of the amount due to the plaintiff, finding that a total sum of $1,811,626.61 was due and owing on the subject note, directed the sale of the subject property and directed the referee to pay the plaintiff or its attorney the sum of $1,811,626.61 from the proceeds of that sale.
ORDERED that the amended judgment of foreclosure and sale is affirmed, with costs.
In August 2006, the defendant Cathy Moriarty-Gentile executed a note in the amount of $825,000 in favor of Capital Mortgage Associates, LLC (hereinafter CMA). The note was secured by a mortgage encumbering certain real property located in Suffolk County. The mortgage was signed by both Moriarty-Gentile and the defendant Joseph Gentile (hereinafter together the defendants). On February 25, 2015, the plaintiff, Wilmington Savings Fund Society, FSB, CMA's successor in interest, commenced the instant action to foreclose the mortgage against the defendants, among others. The defendants failed to answer the complaint.
The plaintiff moved for an order of reference, noting that the defendants were in default in answering the complaint. In an order dated August 3, 2018, the Supreme Court, inter alia, granted the plaintiff's motion for an order of reference. The plaintiff subsequently moved to confirm the referee's report, and the defendants, in opposition, noted that the referee's report was based upon unproduced business records. An order and judgment of foreclosure and sale was entered on June 17, 2019.
Thereafter, Gentile moved to vacate his default in answering the complaint and the order and judgment of foreclosure and sale. The Supreme Court denied the motion. On appeal, this Court held that the Supreme Court properly denied that branch of Gentile's motion which was to [*2]vacate his default in answering the complaint (see Wilmington Sav. Fund Socy., FSB v Moriarty-Gentile, 190 AD3d 890). However, this Court reversed the order and judgment of foreclosure and sale and remitted the matter to the Supreme Court for a new report computing the amount due to the plaintiff (see id. at 890).
On March 28, 2023, an inquest on the issue of the amount due to the plaintiff was held before the Supreme Court. The plaintiff presented the testimony of Janet Gioello, a litigation representative for Fay Servicing, LLC (hereinafter Fay), the agent for Partners for Payments Relief, the current owner of the note. Gioello testified that Fay was the servicer for the subject loan, that the records of prior loan servicers had been incorporated into Fay's records, and that Fay's records were made in close proximity in time to when the information was received. She further testified that based on Fay's records, the defendants owed a total sum of $1,811,626.61 as of March 31, 2023. In opposition, the defendants argued that the plaintiff failed to establish the amount due on the note because it failed to establish that Fay had the authority to act on its behalf.
In a decision dated August 23, 2023, the Supreme Court found that the amount due and owing on the note as of March 31, 2023, was $1,811,626.61. In an amended judgment of foreclosure and sale entered September 5, 2023, the court directed the sale of the property and directed the referee to pay the plaintiff or its attorney the sum of $1,811,626.61 from the proceeds of that sale. The defendants appeal.
"At an inquest, the plaintiff bears the burden of setting forth a prima facie case as to [the amount due on the note]" (Bobbo Prop. Mgt., Inc. v Faulkner, 235 AD3d 615, 615). Here, where the only issue before the Supreme Court was the amount due on the note, the plaintiff met its burden in establishing the amount due to it on the note through the testimony of Gioello and the Fay business records. Thus, the evidence and testimony adduced at the inquest established that the defendants owed the plaintiff the amount of $1,811,626.61 as of March 31, 2023.
Accordingly, the Supreme Court properly directed the sale of the property and directed the referee to pay the plaintiff or its attorney the sum of $1,811,626.61 from the proceeds of that sale (see Wells Fargo Bank, N.A. v Bajnauth, 241 AD3d 759, 759).
The defendants' remaining contentions are without merit.
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court